J-S41039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY LYNN ARMOLT | : | |
| | : | |
| Appellant | : | No. 23 MDA 2017 |

Appeal from the PCRA Order December 14, 2016
In the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0000509-2002

BEFORE:     GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED JUNE 19, 2017**

Appellant, Jeffrey Lynn Armolt, appeals *pro se* from the order entered in the Adams County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On December 22, 2003, Appellant entered a negotiated guilty plea to three counts of rape of a child, in connection with Appellant's rape of his girlfriend's twelve-year-old daughter ("Victim"), whom Appellant impregnated.[1]  The court sentenced Appellant on April 12, 2004, to an aggregate term of 15-30 years' imprisonment, in accordance with the plea agreement, which provided that Appellant's maximum sentence would

_____

[1] Appellant's and Victim's child was born prematurely and died approximately ten days after birth.

_____

*Retired Senior Judge assigned to the Superior Court.

not exceed 30 years' imprisonment. Appellant did not seek direct review. Since then, Appellant has filed multiple prior petitions for collateral relief, all of which were ultimately unsuccessful.

On October 19, 2016, Appellant filed the current, serial *pro se* PCRA petition. The court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907, on October 27, 2016. Appellant filed a *pro se* response on November 28, 2016, and the court denied PCRA relief on December 14, 2016. On January 3, 2017, Appellant timely filed a *pro se* notice of appeal and voluntary concise statement per Pa.R.A.P. 1925(b).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on May 12,

2004, upon expiration of the time for filing a direct appeal with the Superior Court. *See* Pa.R.A.P. 903 (providing 30 days to file notice of appeal from judgment of sentence with Superior Court). Appellant filed the current serial PCRA petition on October 19, 2016, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "new facts" exception to the statutory time-bar per Section 9545(b)(1)(ii), raising numerous claims of ineffective assistance of counsel and challenging the legality of his sentence. Appellant relies on various judicial decisions as "new facts" to permit review of those claims. Initially, judicial decisions do not constitute "new facts" for purposes of the Section 9545(b)(1)(ii) exception. *See Commonwealth v. Brandon*, 51 A.3d 231 (Pa.Super. 2012) (explaining subsequent decisional law does not amount to new "fact" under Section 9545(b)(1)(ii) of PCRA).

To the extent Appellant attempts to invoke the "new constitutional right" exception per Section 9545(b)(1)(iii), relying on *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), *Missouri v. Frye*, 566 U.S. 133, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and *Lafler v. Cooper*, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), those cases afford Appellant no relief. *See Commonwealth v. Washington*, ___ Pa. ___, 142 A.3d 810 (2016) (holding new constitutional rule announced in *Alleyne* is not substantive or watershed procedural rule that warrants retroactive application to collateral attacks on mandatory minimum

sentences, where judgment of sentence became final before **Alleyne** was decided); **Commonwealth v. Hernandez**, 79 A.3d 649 (Pa.Super. 2013) (holding appellant's claim that his petition fits within Section 9545(b)(1)(iii) exception lacks merit because neither **Lafler** nor **Frye** created new constitutional right).[2]  Thus, Appellant's current PCRA petition remains time barred, and the court properly dismissed it as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/19/2017

---

[2] Appellant's ineffective assistance of counsel claims also do not satisfy the "governmental interference" exception at Section 9545(b)(1)(i).  **See** 42 Pa.C.S.A. § 9545(b)(4) (stating: "For purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained").